The STATE of Ohio, Appellee,

v.

ARMSTEAD, Appellant.

[Cite as *State v. Armstead* (2000), 138 Ohio App.3d 866.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1487.

Decided Aug. 29, 2000.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Laura M. Rayce,* Assistant Prosecuting Attorney, for appellee.

*Richard A. Parry,* for appellant.

---

LAZARUS, Judge.

Defendant-appellant, Macia Armstead, appeals from the May 24, 1999 decision and entry of the Franklin County Court of Common Pleas denying her motion to withdraw her guilty plea. For the reasons that follow, we reverse and remand the matter for the trial court to conduct a hearing on appellant's motion.

On August 14, 1997, appellant was indicted on two counts of possession of cocaine in violation of R.C. 2925.11. The first count carried a major drug offender specification pursuant to R.C. 2941.1410. A jury trial began on April 7, 1999.

The state's witnesses testified that, on August 7, 1997, a police informant told them that a person matching appellant's description would be transporting a large quantity of drugs. Using that information, an undercover narcotics officer set up surveillance at the SuperAmerica gas station at the corner of Maple Canyon Drive and State Route 161 in Columbus, Ohio. The officer overheard appellant making a telephone call stating, " 'Hurry up, I got it, it's hot up here,' " or words to that effect.

The undercover officer then called a marked cruiser, and uniformed Columbus police officers stopped appellant's vehicle for a traffic violation, as her vehicle had no rear license plate light. Officer Martin Kestner testified that, on the floor-board in front of the driver's seat, he saw a "Kroger-style plastic grocery bag with two plastic bags, Ziploc bags inside of that with—inside of that I saw a cookie—crack cocaine, and a large amount of powder cocaine." One bag contained 178.9 grams of crack cocaine, and the other bag contained 252.4 grams of powder cocaine.

After the state had presented four police witnesses, appellant was informed that the trial court was going to exclude two of her witnesses. Appellant's counsel stated that the witnesses were appellant's sisters, and they were expected

to testify in a limited capacity regarding the telephone conversation overheard by the undercover narcotics officer. The trial court ruled that it was excluding the witnesses because defense counsel had failed to provide reciprocal discovery to the state pursuant to Crim.R. 16. A recess was taken and, that same day, April 8, 1999, appellant entered a plea of guilty to both counts of the indictment without the specification. The trial court set a sentencing date of April 29, 1999.

On April 21, 1999, appellant filed a motion to withdraw her guilty plea. The state filed a memorandum contra on May 19, 1999. The trial court denied the motion without conducting a hearing on May 24, 1999. On June 10, 1999, appellant was sentenced to eight years on count one and four years on count two with the sentences to run concurrently.

On February 16, 2000, this court granted appellant's motion for leave to file a delayed appeal and appointed counsel. Appellant assigns the following as error:

"I. The defendant–appellant was ineffectively represented by counsel and, therefore, denied her constitutionally guaranteed rights under the Sixth and Fourteenth Amendments of the United States Constitution and her rights under the Ohio Constitution because her trial counsel did not properly comply with the reciprocal discovery rule.

"II. The trial court erred in denying the defendant–appellant's motion to withdraw her guilty plea to the charges against her and to allow her to proceed forward on all counts against her.

"III. Defendant–appellant did not voluntarily enter a guilty plea because the defendant–appellant was surprised when she discovered at trial that her witnesses were not going to be permitted to testify in her behalf and she was unable to present her defense."

As our resolution of appellant's second assignment of error affects the remaining analysis, we will address this argument first. Appellant argues that she was not afforded a hearing on the motion to withdraw her guilty plea, which would have permitted her to present all of her arguments.

■ The state has cited *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, for the proposition that a defendant is not entitled to an evidentiary hearing on every motion to withdraw a guilty plea. However, in the context of a presentence motion to withdraw a guilty plea, Ohio Supreme Court syllabus law is clear that "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. See, also, *State v. Smith* (June 1, 2000), Franklin App. No. 99AP–846, unreported, 2000 WL 704953 (case reversed and remanded to allow the trial court to conduct a hearing on motion to withdraw guilty plea). Thus, it was error for the trial court to deny appellant's motion without first conducting a hearing.

In her first and third assignments of error, appellant contends that she was deprived of her right to effective assistance of counsel according to the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In particular, appellant contends that her trial counsel was ineffective because he failed to provide the names of two witnesses he intended to call at trial. Appellant had subpoenaed three witnesses in her case. The first witness was the state's informant. The other two witnesses, appellant's sisters, were precluded from testifying. After being informed that she would be unable to call her sisters as witnesses, appellant elected to enter a guilty plea indicating that she had "no choice," that she was being "railroaded," and that "[e]verything that I had as part of my defense all of a sudden was gone." Appellant also stated, "I was stupid, but the only thing I was looking at was trying to get it away from my children."

The state concedes that appellant's trial counsel was deficient in failing to disclose the names of the witnesses, particularly because the witnesses had been subpoenaed several times to appear. However, the state contends that appellant cannot show that there was a reasonable probability that the witnesses' testimony would have changed the outcome of the trial.

The two-part standard adopted in *Strickland,* for evaluating claims of ineffective assistance of counsel requiring that the defendant show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, applies to guilty-plea challenges based on ineffective assistance of counsel. However, in the context of guilty pleas, the prejudice element focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210–211.

A guilty plea waives the right to claim ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. See *State v. Spates* (1992), 64 Ohio St.3d 269, 269, 595 N.E.2d 351, 351, paragraph two of the syllabus ("a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding"). In order to satisfy the second, or "prejudice," requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill, supra,* 474 U.S. at 52–53, 106 S.Ct. at 367, 88 L.Ed.2d at 210–211; *Xie, supra,* at 524, 584 N.E.2d at 717–718; *State v. Davis* (Aug. 7, 2000), Butler App. No. CA98–06–134, unreported, 2000 WL 1086723. This assessment in turn, will depend in large part

on a prediction whether the evidence likely would have changed the outcome of the trial. *Hill, supra,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210–211.

 Here, there is evidence in the record that, but for the exclusion of her witnesses, appellant would have continued with her trial. On the other hand, it is not clear from the record what, if any, effect appellant's sisters' testimony would have had on the outcome of the trial. In her opening statement, appellant's counsel asserted the defense of entrapment. The defense of entrapment is established where the criminal design originates with the officials of the government, and that they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute. *State v. Doran* (1983), 5 Ohio St.3d 187, 5 OBR 404, 449 N.E.2d 1295, paragraph one of the syllabus. With respect to the excluded witnesses, defense counsel merely indicated that appellant's sisters "would be testifying in a limited capacity with regard to the telephone conversation that was going on on the evening of 8/7/97 as it relates to what Officer Gauthney testified to."

██ The trial court is charged with the responsibility of evaluating the motivations behind the guilty plea, and the appellate court with reviewing the record of the hearing. *Xie, supra,* at 525, 584 N.E.2d at 718. The good faith, credibility, and weight of appellant's assertions in support of the motion are matters to be resolved by the trial court. *Id.* Therefore, we must remand the matter in order for the trial court to conduct a hearing on appellant's motion to withdraw her guilty plea.

Based on the foregoing, appellant's second assignment of error is overruled in part and sustained in part with the matter to be remanded for a hearing, the first and third assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions.

*Judgment reversed and
remanded with instructions.*

TYACK and DESHLER, JJ., concur.