OPINION
Defendant-appellant, Richard M. Carter, appeals the judgment of the Franklin County Court of Common Pleas, whereby appellant was convicted of one count of attempted rape and adjudicated a sexual predator. On April 21, 2000, appellant was indicted on two counts of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. The charges stemmed from appellant engaging in sexual conduct with his seven-year-old niece, Kaila Carter.
On August 29, 2000, appellant entered a guilty plea to attempted rape. The plea was entered pursuant to North Carolina v. Alford (1970),400 U.S. 25, 37, which holds that a trial court may accept a guilty plea that is knowingly, voluntarily and intelligently entered by a defendant who continues to deny guilt but, nonetheless, enters the plea to avoid the possibility of being convicted after a trial and receiving a greater penalty. The trial court accepted appellant's plea. Upon application of plaintiff-appellee, the state of Ohio, the trial court dismissed the remaining charges of rape and kidnapping. Thereafter, the trial court held a sexual offender classification hearing and found appellant to be a sexual predator. Furthermore, the trial court held a sentencing hearing and sentenced appellant to eight years imprisonment.
Appellant appeals, raising three assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S PLEA, WHICH WAS CLEARLY INVOLUNTARY.
ASSIGNMENT OF ERROR NO. 2
 APPELLANT SHOULD NOT HAVE BEEN CLASSIFIED AS A "SEXUAL PREDATOR[.]"
ASSIGNMENT OF ERROR NO. 3
 APPELLANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL.
Appellant's first assignment of error concerns his decision to enter a guilty plea. Appellant claims that, before his sentencing hearing on October 27, 2000, he submitted several informal motions to withdraw his plea. According to appellant, the trial court was required to consider his motions and allow him to withdraw his plea. We disagree with appellant's contentions.
The motions referred to by appellant consist of several ex parte letters sent to the trial court. Appellant correctly states that the Seventh District Court of Appeals has recently acknowledged a defendant's ability to seek a plea withdrawal by means of a letter to the trial court. See State v. Cuthbertson (2000), 139 Ohio App.3d 895, 899. However, in considering appellant's statements at his sentencing hearing along with his statements in the ex parte letters, we are not compelled to conclude that appellant asked to withdraw his plea.
First, appellant fails to point out where in his letters he asks to withdraw his plea; indeed, we find nothing in the voluminous letters where appellant asks to withdraw his plea. We further note that appellant, represented by counsel, made no plea withdrawal request at the sentencing hearing. In the letters, appellant does repeatedly state that he would like to have a trial to proffer the "evidence" that he "collected since [his] plea was entered." If appellant's statement is accurate, his proper course of action is through post-conviction relief remedies. See R.C. 2953.21.
Appellant also contends in his first assignment of error that he did not enter his guilty plea knowingly, voluntarily and intelligently. Again, we disagree.
According to the Ohio Supreme Court, "a defendant who challenges his [or her] guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." State v. Nero (1990), 56 Ohio St.3d 106, 108. "The test is whether the plea would have otherwise been made." Id. In examining appellant's plea, we must also consider whether the trial court complied with Crim.R. 11(C) before accepting the plea. State v. Kelley (1991),57 Ohio St.3d 127, 128. Crim.R. 11(C) outlines the procedure that a trial court must follow when accepting guilty pleas and is designed to ensure that a defendant's waiver of constitutional rights as a result of a guilty plea is knowing, voluntary and intelligent. State v. Thompson (May 3, 2001), Franklin App. No. 00AP-608, unreported.
Here, we conclude that the record establishes that appellant knowingly, voluntarily and intelligently entered his guilty plea. When the trial court accepted appellant's plea, it complied with the mandates of Crim.R. 11 and, thus, properly informed appellant of the consequences of his plea. Appellant expressed no confusion or uncertainty during the plea hearing; rather, appellant provided clear, unequivocal responses to the trial court's questions, including those addressing particular rights appellant waived by entering the guilty plea.
Furthermore, we find nothing in the statements made at the plea hearing establishing that the "plea would have otherwise been made." One of appellant's two trial attorneys informed the trial court that he advised appellant of the nature of the guilty plea. Moreover, at the plea hearing, appellant indicated that he was voluntarily, intelligently and knowingly entering the plea. Appellant also signed documents confirming that his decision to enter a guilty plea "represents the free and voluntary exercise of [his] own will and best judgment."
Accordingly, based on the above, we overrule appellant's first assignment of error.
In his second assignment of error, appellant asserts that the trial court erred in finding him to be a sexual predator. We disagree.
In order for a sex offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. State v. Eppinger (2001), 91 Ohio St.3d 158, 163; R.C.2950.01(E) and 2950.09(B)(3). Clear and convincing evidence is:
 * * * "* * * [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." * * * [Eppinger, at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.]
In determining whether an offender is a sexual predator, the trial court must take into consideration "all relevant factors," including various factors enumerated in the statute. R.C. 2950.09(B)(2).
In challenging the trial court's finding, appellant advances our previous decision in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, where we concluded that a sexual predator determination based on the sole act of sexual misconduct was against the manifest weight of the evidence. However, in several cases since Baughman, we have limited its holding to the facts of the case and declared that "`R.C. Chapter 2950 does not specifically require that the state prove propensity by facts other than the facts of the crime itself.'" State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184, unreported. Indeed, the Ohio Supreme Court has recognized that, "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, at 167.
Here, the circumstances of appellant's underlying offense and his criminal record invoke several factors under R.C. 2950.09(B)(2) and support the trial court's finding that appellant is a sexual predator. Appellant was in his fifties when he sexually abused his seven-year-old niece. Appellant sexually abusing such a young victim is a factor supporting a sexual predator finding. R.C. 2950.09(B)(2)(a) and (c). The sexual abuse of young children is widely viewed as one of the most reprehensible crimes in our society. State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. "Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
Similarly, we have repeatedly recognized that, when a defendant violates "`deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children,'" the trial court could properly conclude that the offender's "`compulsion to commit these kinds of sexual offenses was deeply ingrained'" and that he or she is likely to re-offend. State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported; State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported; State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported.
In addition, appellant lived in the same house with Kaila and, thus, was placed in a position of trust with his niece. Appellant violated that trust by committing the sex offense. Appellant's taking advantage of this position of trust is another factor in support of the sexual predator finding. See State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported.
Finally, the trial court acknowledged that appellant had a history of criminal activity. Appellant's criminal record is also a factor supporting the sexual predator finding. R.C. 2950.09(B)(2)(b); State v. Scott (Sept. 29, 2000), Franklin App. No. 00AP-260, unreported; State v. Woodard (Dec. 7, 1999), Franklin App. No. 99AP-280, unreported.
Accordingly, we conclude that there is sufficient evidence establishing appellant to be a sexual predator. As such, we overrule appellant's second assignment of error.
In his third assignment of error, appellant contends that he received ineffective assistance of trial counsel. We disagree.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth the test for determining whether a defendant received ineffective assistance of counsel. First, the defendant must show that, in light of all the circumstances, counsel's performance was outside the range of professionally competent assistance and, thus, was deficient. Id. at 687. Second, the defendant must show that he or she was prejudiced by such deficient performance. Id.
We have previously held that "[a] guilty plea waives the right to claim ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." State v. Armstead (2000), 138 Ohio App.3d 866, 870. Thus, "to satisfy the second, or `prejudice,' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.
Here, as noted above, appellant was originally charged with two counts of rape and one count of kidnapping. Each of the counts constituted felonies of the first degree and each carried maximum sentences of ten years imprisonment. See R.C. 2929.14(A)(1). With the assistance of his trial counsel, appellant pleaded guilty in this case and was convicted of only one count of attempted rape as a second degree felony. Upon being convicted of the second degree felony, the trial court sentenced appellant to eight years imprisonment. Thus, as a result of his plea, appellant received a less severe punishment than the one that he could have received if he was convicted as originally charged.
Despite the outcome of appellant's plea, appellant claims that he was forced into entering the plea because his trial attorneys were unprepared for trial. However, there is nothing in the record to support this assertion, other than appellant's self-serving, conclusory allegations. Indeed, contrary to appellant's assertions, the record demonstrates that his trial attorneys were preparing for trial by filing for discovery.
Appellant further contends that he would not have entered the guilty plea if his trial attorneys had interviewed members of his family. However, nothing in the record establishes that appellant's trial attorneys failed to interview crucial witnesses in this case; rather, the record indicates that, when appellant's trial attorneys filed for discovery, they took initial steps to interview crucial witnesses in this case.
Appellant also claims that he entered the guilty plea because his trial attorneys failed to obtain a psychological evaluation of him and failed to have appellant take a polygraph test. However, nothing in the record indicates that a psychological evaluation or polygraph test would have both favored appellant's case and convinced him not to enter the guilty plea. Furthermore, we find no case law requiring defense attorneys to order psychological evaluations and polygraph tests for their clients regardless of the circumstances of a case. Generally, a defense attorney's decision surrounding psychological evaluations and polygraph tests falls within the realm of trial tactics. See State v. Jackson (July 28, 2000), Mahoning App. No. 98 CA 207, unreported; State v. Wilkins (Aug. 5, 1996), Licking App. No. 95-CA-74, unreported. It is well-established that courts must generally refrain from second-guessing strategic decisions of trial counsel. State v. Sallie (1998),81 Ohio St.3d 673, 674.
Lastly, appellant contends that he entered the guilty plea because his trial attorneys failed to request a mistrial after they were faced with a tainted jury. Appellant claims that the jury became tainted after reading a newspaper article about a case where a seven-year-old girl had been found raped and murdered. However, nothing in the record supports appellant's speculative assertions that the jury was reading such an article or that the jury was otherwise tainted against appellant.
Accordingly, appellant has failed to demonstrate that he received ineffective assistance of counsel. Therefore, we overrule appellant's third assignment of error.
In summary, we overrule appellant's three assignments of error, and affirm the judgment of the trial court.
 ________________ KENNEDY, J.
BOWMAN and LAZARUS, JJ., concur.