[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Butch Vaughn was indicted on twelve counts, all of which arose from his alleged involvement in a number of fires occurring on or about March 10, 2001. After the trial court overruled Vaughn's motion to suppress, he pleaded guilty to aggravated arson in count two, a reduced charge of arson without consent in counts four and six, and arson in counts eight, nine and ten. The state dismissed counts one, three, five, seven, eleven, and twelve. After accepting Vaughn's guilty pleas, the court found Vaughn guilty of counts two, four, six, eight, nine, and ten, and Vaughn was sentenced as appears of record.
In his first assignment of error, Vaughn argues that he was denied the effective assistance of trial counsel. Specifically he alleges that counsel's performance was deficient when he failed to challenge the constitutionality of statements made by Vaughn to the police and by failing to be aware of the contents of those statements.
Generally, a guilty plea waives the right to claim ineffective assistance of counsel, "except to the extent that the defects complained of caused the plea to be less than knowing and voluntary."[1]
Therefore, Vaughn must show that, but for trial counsel's errors, he would not have pleaded guilty and would have chosen instead to go to trial.
There is no evidence in the record that, but for the alleged failures of counsel, Vaughn would have continued with his trial. Moreover, Vaughn does not point to anything in the record, nor have we found anything in the record, demonstrating that Vaughn's plea was not knowing and voluntary. The first assignment of error is overruled.
The second assignment of error reads as follows: "THE DEFENDANT-APPELLANT HAS TENDERED A LETTER SETTING FORTH ISSUES HE FEELS SHOULD BE CONSIDERED UPON THE APPEAL [OF] THIS MATTER." Under App.R.12(A), any errors not separately argued by brief may be disregarded. App.R. 16(A)(4) requires that an appellant's brief contain the contentions of the appellant and supporting reasons with citation to authority. Moreover, App.R. 16(A)(7) requires the appellant to provide an argument on the issue presented in the assignment of error and identify the reasons in support of his contentions, "with citations to those authorities, statutes, and parts of the record on which appellant relies." App.R. 12 permits us to disregard an assignment if the party fails to identify where the error is demonstrated in the record or fails to argue the assignment separately in the brief. By directing this court to an attached letter, counsel has failed to comply with App.R.(A)(4) and (7). Accordingly, we hold that appellant has failed to comply with the Appellate Rules and disregard his noncomplying arguments.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] State v. Armstead, 138 Ohio App.3d 866, 870, 742 N.E.2d 720, citingState v. Spates (1992), 64 Ohio St.3d 269, 595 N.E.2d 351, paragraph two of the syllabus.