The STATE of Ohio, Appellee,

v.

PARSLEY, Appellant.

[Cite as *State v. Parsley* (1994), 93 Ohio App.3d 788.]

No. L-93-224.

Court of Appeals of Ohio,
Lucas County.

Decided March 25, 1994.

Anthony G. Pizza, Lucas County Prosecuting Attorney, and Douglas Marciniak, Assistant Prosecuting Attorney, for appellee.

Linda J. Jennings, for appellant.

SHERCK, Judge.

This is an appeal from a Lucas County Court of Common Pleas judgment of conviction and imposition of sentence on a charge of felony nonsupport. Because we find the trial court prejudicially erred when it refused defendant's motion for a human leukocyte antigen ("HLA") blood test to establish paternity, we reverse.

In 1977, appellant, Paul Parsley, and his wife were divorced in the state of Oklahoma; an Oklahoma court, as part of its divorce decree, ordered appellant to pay support for the child born during the marriage. Later, appellant moved to Lucas County, Ohio, where the Oklahoma judgment was filed as a foreign support order. In 1990, appellant was charged with criminal nonsupport in violation of R.C. 2919.21(A)(4). Appellant entered a plea of no contest to this charge and was found guilty. He was given a suspended sentence and placed on probation, conditioned upon his compliance with the support order.

In 1993, appellant was again indicted for criminal nonsupport; this time appellant was charged with violating R.C. 2919.21(A)(2), rather than 2919.-21(A)(4). Appellant entered a plea of not guilty and moved the court to order HLA blood tests to determine the paternity of the minor child who is the beneficiary of the support order. Appellant, in support of his trial motion, claims that he suffers from a genetic defect which makes him sterile. Appellant maintains that he cannot now, nor could he ever, have fathered a child. Further, appellant states that he has discovered evidence that his former spouse knew at the time of the couple's divorce that the child born during the marriage was not his child. Appellant goes on to say that his former spouse failed to inform the Oklahoma court of this fact.

The trial court initially granted appellant's motion for blood tests but, upon the state's motion for reconsideration, it reversed its decision, finding that appellant's paternity was irrelevant to the criminal charge. Following this ruling, appellant changed his plea to no contest, was found guilty by the court and sentenced.[1] Appellant appeals his conviction and raises the following single assignment of error:

"By denying the motion for HLA testing, the court caused prejudicial error to defendant."

Here, as in the trial court, the state argues that appellant's paternity is simply irrelevant. Citing *State v. Brown* (1982), 5 Ohio App.3d 220, 5 OBR 504, 451 N.E.2d 1232, the state contends that the Ohio legislature has removed paternity as an element of the crime of nonsupport. *Id.* at 221, 5 OBR at 505–506, 451 N.E.2d at 1234. Further, the state asserts that, even if paternity is an element of

---

1. A no contest plea until recently would have precluded appeal of a nonconstitutional evidentiary issue by acting as a waiver. Recently, however, the Supreme Court of Ohio has articulated a policy favoring the early determination of such issues. In *State v. Ulis* (1992), 65 Ohio St.3d 83, 85, 600 N.E.2d 1040, 1041–1042, the court stated that this policy "applies not only to constitutional issues but also to non-constitutional claims capable of determination without a trial on the general merits. This policy could be thwarted if the state and a defendant would be subjected to a trial where the case hinges upon an evidentiary issue capable of determination without additional evidence being elicited by either party." (Citations omitted.) See, also, *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32.

the crime, the doctrine of *res judicata* acts to make the Oklahoma decree conclusive of that issue or, in the alternative, appellant's 1990 conviction should, by operation of estoppel by judgment, prevent him from relitigating the paternity issue.

The section of the statute with which the appellant was charged is critical to our consideration. R.C. 2919.21(A)(2) provides:

"No person shall abandon, or fail to provide adequate support to:

" * * *

"(2) His or her legitimate or illegitimate child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one * * *."

This is not a support enforcement action. This is a criminal prosecution which exposes the accused to imprisonment. In any criminal prosecution one who is "accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. * * *" R.C. 2901.05.

Therefore, in order to obtain a proper conviction of one accused of a violation of R.C. 2919.21(A)(2), the state must prove, beyond a reasonable doubt, that:

1. the accused has abandoned or failed to adequately support according to law;

2. one who is the accused's legitimate or illegitimate child;

3. who is under age eighteen or under age twenty-one and physically or mentally handicapped.

"* * * [A] judgment in a civil action is not admissible in a criminal trial to establish the facts essential to a conviction of the offense charged." *State v. Black* (1991), 78 Ohio App.3d 130, 135, 604 N.E.2d 171, 174, citing *State v. Snyder* (1952), 157 Ohio St. 15, 47 O.O. 24, 104 N.E.2d 169. Therefore, while a foreign divorce decree and support order may be sufficient to establish a legal obligation to support a child in order to satisfy the state's proof under R.C. 2919.21(A)(4), which makes it a criminal offense to fail to provide adequate support for one who by court order is legally obligated to pay support,[2] *State v. Brown, supra,* such decree and order is, however, insufficient to prove an obligation to support which

---

2. R.C. 2919.21(A)(4) states:
   "No person shall abandon, or fail to provide adequate support to:
   " * * *
   "(4) Any person whom, by law or by court order or decree, the offender is legally obligated to support."

arises under R.C. 2919.21(A)(2) where the accused is alleged to be the child's natural or biological father.

R.C. 2919.21(A)(2) requires the state to prove beyond a reasonable doubt that the accused is the natural or biological parent of the child. There is no estoppel by judgment arising out of appellant's conviction for violation of R.C. 2919.21(A)(4), because biological parentage was not an element of that conviction. Therefore, the trial court erred when it refused on the basis of irrelevancy to order a test to establish parentage in this matter. Accordingly, appellant's sole assignment of error is found well taken.

On consideration whereof, the court finds that the defendant was prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, J., concurs.

MELVIN L. RESNICK, J., concurs separately.

MELVIN L. RESNICK, J., concurring.

I would note that the denial of appellant's motion where parentage is an issue in a criminal case is of constitutional magnitude, in that the denial violated appellant's due process rights under the Ohio and United States Constitutions. Therefore, the authority cited in the first footnote is surplusage.