This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Victor Seeley (hereinafter "Seeley"), appeals the trial court's decision finding him guilty of violating R.C. 2919.21(A)(2) and sentencing him to serve six months in jail, to pay restitution in the amount of $24,800, to continue to pay child support as previously ordered, and warning him of possible post-release control. For the following reasons, we conclude Seeley's counsel was ineffective for failing to address an apparent violation of the statute of limitations, and further, that Seeley's plea was ineffective because he did not understand the nature of the offense with which he was charged. Accordingly, we reverse the trial court's decision and remand for further proceedings.
On September 29, 1994, Seeley was secretly indicted by the Columbiana County Grand Jury for a violation of R.C. 2919.21(A)(2). This indictment alleged Seeley either abandoned or failed to provide adequate support for his minor child for a period between January 7, 1982, and September 21, 1994. At the time the grand jury issued this indictment it also issued a warrant for Seeley's arrest in accordance with Crim.R. 9.
Seeley was arrested pursuant to this warrant six years later on October 3, 2000. At an October 11, 2000 arraignment, Seeley pled not guilty. However, on March 28, 2001, the trial court held a plea hearing where, pursuant to a plea agreement, Seeley pled guilty to the offense. On June 29, 2001, the trial court proceeded with a sentencing hearing, and on July 2, 2001, Seeley was sentenced to serve six months in jail, ordered to pay restitution in the amount of $24,800 as well as to continue to pay child support as previously ordered, and warned of possible post-release control.
On appeal, Seeley asserts four assignments of error:
 "The trial court erred in sentencing Appellant to six months in a state correctional facility, ordering restitution and permitting post-release control."
 "Appellant was denied the effective assistance of trial counsel."
 "The trial court erred in accepting Appellant's plea of guilty, as such was constitutionally deficient and therefore invalid."
 "Appellant could be convicted only of a misdemeanor of the first degree, not a felony of the fourth degree, as the indictment lacked the necessary felony specification."
We shall address Seeley's assignments of error in reverse order, as our resolution of the last three assigned errors renders the first moot.
In his fourth assignment of error, Seeley argues he could not be convicted of a felony as his indictment lacked the necessary felony specification. In particular, he argues he could not be found guilty of a felony violation of R.C. 2919.21(A)(2) since there had not been a prior court finding that he had failed to provide support.
R.C. 2919.21 generally provides a violation will be a misdemeanor in the first degree. However, the statute provides that a violation could become a felony.
"If the offender previously has been convicted of * * * a violation of division (A)(2) of this section or if there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for * * * twenty-six weeks out of one hundred four, then a violation of division (A)(2) of this section is a felony of the fourth degree." Former R.C. 2919.21(E).
As Seeley concedes in his brief, courts have found there need not be a prior court finding that the defendant failed to provide support in order for the felony specification to accrue. See State v. Cole (1994),94 Ohio App.3d 629, 641 N.E.2d 732; State v. Lizanich (1994),93 Ohio App.3d 706, 639 N.E.2d 855. Consequently, the indictment needmerely charge the defendant has failed to provide support for a totalperiod of twenty-six weeks out of one hundred four consecutive weeks. Id.
 Seeley argues a change in the statute after his indictment, but beforehe was arrested, requires a prior court order as an element of theoffense which needs to be in the indictment. It is axiomatic thatlegislatures may not retroactively alter the definition of a crime. Statev. Webb (1994), 70 Ohio St.3d 325, 331, 638 N.E.2d 1023, 1030 quotingCollins v. Youngblood (1990), 497 U.S. 37, 43, 110 S.Ct. 2715, 2719,111 L.Ed.2d 30, 39. Since Seeley was indicted under the prior version of thestatute, it is that version of the statute which defines the offense.Accordingly, the indictment merely needs to allege Seeley failed toprovide support for a total period of twenty-six weeks out of one hundredfour consecutive weeks. See Cole, supra; Lizanich, supra.
 The September 29, 1994 indictment alleges:
 "On or about January 7, 1982, through September 21, 1994, inclusive, in Columbiana County, Ohio, Victor B. Seeley did, abandon or fail to provide adequate support to his legitimate children under the age of 18, to-wit: Christina Deanna Vincent, DOB: 2-17-78, in violation of Section 2919.21(A)(2) of the Ohio Revised Code, being a felony of the fourth degree." Id.
 This indictment alleges more than twenty-six weeks of non-support.Indeed, it cites more than twelve years of non-support. This indictmentis sufficient to charge Seeley with a felony violation of R.C.2919.21(A)(2). Seeley's fourth assignment of error is meritless.
 In his third assignment of error, Seeley argues the trial court abusedits discretion when it accepted his guilty plea. Essentially, he allegesthe trial court committed plain error when it allowed Seeley to pleadguilty even though the statute of limitations had elapsed by the time hewas served with the indictment and because Seeley expressed his desirefor paternity testing. Plain error only exists when it is clear theverdict would have been otherwise but for the error. State v. Sanders(2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90, 115 citing State v. Long(1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. The defendantbears the burden of demonstrating plain error. State v. Wade (1978),53 Ohio St.2d 182, 188, 7 O.O.3d 362, 365, 373 N.E.2d 1244, 1248.
 "When a defendant enters a plea in a criminal case, the plea must bemade knowingly, intelligently, and voluntarily. Failure on any of thosepoints renders enforcement of the plea unconstitutional under both theUnited States Constitution and the Ohio Constitution." State v. Engle(1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450, 451.
 Pursuant to this requirement, the Criminal Rules provide that whenaccepting a guilty plea from a defendant charged with a felony, a trialcourt must address the defendant personally in order to:
 "(a) Determin[e] that the defendant is making the plea voluntarily,with understanding of the nature of the charges and of the maximumpenalty involved, and, if applicable, that the defendant is not eligiblefor probation or for the imposition of community control sanctions at thesentencing hearing.
 (b) [Inform] the defendant of and determin[e] that the defendantunderstands the effect of the plea of guilty or no contest, and that thecourt, upon acceptance of the plea, may proceed with judgment andsentence.
 (c) [Inform] the defendant and determin[e] that the defendantunderstands that by the plea the defendant is waiving the rights to jurytrial, to confront witnesses against him or her, to have compulsoryprocess for obtaining witnesses in the defendant's favor, and to requirethe state to prove the defendant's guilt beyond a reasonable doubt at atrial at which the defendant cannot be compelled to testify againsthimself or herself." Crim.R. 11(C)(2).
 The standard for determining whether a trial court properly accepted aplea is whether the court substantially complied with Crim.R. 11. Statev. Stewart (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163."Substantial compliance means that under the totality of thecircumstances, the defendant subjectively understands the implications ofhis plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. "The test is whether thecourt's error prejudiced the defendant in that he would not have pledguilty had the error not been made." State v. Gales (1999),131 Ohio App.3d 56, 61, 721 N.E.2d 497, 500 citing Nero at 108,564 N.E.2d at 476.
 Seeley first argues that the colloquy between he and the trial courtindicates he did not understand the nature of the charges against him.There is no exact test to determine whether a defendant subjectivelyunderstands the charges against him. State v. Carter (1979),60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760. In orderto make sure a defendant does understand those charges, a court must lookto all the particular facts and circumstances surrounding the case. Id.citing Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023,82 L.Ed. 1461, 1466. Even if it is entirely plausible that the defendantunderstands the nature of the charges against him, the record mustdemonstrate that understanding. See State v. Blair (1998),128 Ohio App.3d 435, 715 N.E.2d 233.
 "A defendant's mere affirmative response to the question whether heunderstands the nature of the charge against him, without more, isinsufficient to support the necessary determination that he understandsthe nature of the charge against him." Id. at 438, 715 N.E.2d at 235.
 Seeley was charged with a violation of R.C. 2919.21(A)(2). Previously,Seeley had been adjudicated the child's father in a paternity action.However, the mere fact that a court had found him to be the father of thechild in a paternity action is irrelevant to the disposition of acriminal action based upon R.C. 2919.21(A)(2). See State v. Parsley(1994), 93 Ohio App.3d 788, 639 N.E.2d 1234. In order to prove Seeleyviolated R.C. 2919.21(A)(2), the State must prove the child was hischild. Seeley's paternity is an essential element of the State's case."`[A] judgment in a civil action is not admissible in a criminal trial toestablish the facts essential to a conviction of the offense charged.'"Parsley at 791, 639 N.E.2d at 1235 quoting State v. Black (1991),78 Ohio App.3d 130, 135, 604 N.E.2d 171, 174.
 During the course of the plea hearing, the court told Seeley he wasbeing charged with failing to support his child and Seeley responded hewished to plead guilty to that charge. However, Seeley expressed doubtthat he was the father of the child in question and stated he wishedgenetic testing had been done to confirm his paternity. The trial courtasked Seeley if he "had some serious doubts" about his paternity andSeeley answered in the affirmative. But, Seeley then stated that heunderstood there was nothing he could do about that for what he was beingcharged. This indicates Seeley did not understand the State would need toprove he was the child's father and he could challenge his paternity inthis criminal action. In other words, Seeley did not understand the truenature of the charges against him. Accordingly, the trial court erredwhen it accepted Seeley's guilty plea. See Blair, supra.
 Seeley also argues it was plain error for the trial court to accept hisguilty plea when the statute of limitations had run. "The primary purposeof a criminal statute of limitations is to limit exposure to prosecutionto a certain fixed period of time following the occurrence of those actsthe General Assembly has decided to punish by criminal sanctions." Statev. Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co., L.P.A.(1999), 85 Ohio St.3d 582, 586, 709 N.E.2d 1192, 1195, citing Toussie v.United States (1970), 397 U.S. 112, 114-115, 90 S.Ct. 858, 860,25 L.Ed.2d 156, 161. The state bears the burden of proving an offense wascommitted within the appropriate statute of limitations. Id. at 587,709 N.E.2d at 1195-1196.
 The prosecution of a violation of R.C. 2919.21(A)(2) must commencewithin six years after the offense is committed. R.C. 2901.13(A)(1). Aprosecution is commenced on the date an indictment is returned ifreasonable diligence is exercised to issue and execute process of thatindictment. R.C. 2901.13(E). In the present case, the offense chargedended on September 21, 1994, and an indictment was returned on September29, 1994. However, Seeley was not arrested until October 3, 2000. Underthese facts, unless the State used reasonable diligence to execute theindictment, the action is barred by the statute of limitations. However,we cannot say the trial court plainly erred when it accepted Seeley'sguilty plea. The record is silent as to the diligence the State used inexecuting process of Seeley's indictment. Since it is possible the Statedid use reasonable diligence in executing process of the indictment, itis not clear that the verdict would have been different had the trialcourt noticed the potential violation of the statute of limitations.
 Seeley has failed to demonstrate the trial court plainly erred when itdid not take notice of the potential violation of the statute oflimitations. However, because Seeley demonstrated that he did notunderstand the nature of the offense when he entered the guilty plea, thetrial court erred when it accepted that plea. Seeley's third assignmentof error is meritorious.
 In his second assignment of error, Seeley argues he was denied theeffective assistance of counsel for two reasons: 1) his trial counselfailed to raise the issue of the statute of limitations; and, 2) histrial counsel failed to request DNA testing. However, Seeley pled guiltyto a violation of R.C. 2919.21(A)(2). "A guilty plea waives the right toclaim ineffective assistance of counsel, except to the extent that thedefects complained of caused the plea to be less than knowing andvoluntary." State v. Armstead (2000), 138 Ohio App.3d 866, 870,742 N.E.2d 720, 723. Therefore, Seeley must show trial counsel's allegedineffectiveness prevented a knowing and voluntary plea.
 To prevail on a claim of ineffective assistance of counsel, a defendantmust demonstrate counsel's performance was deficient and that deficientperformance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. A properlylicensed attorney is presumed to execute his duties in an ethical andcompetent manner. State v. Smith (1985), 17 Ohio St.3d 98, 17 OBR 219,477 N.E.2d 1128. Ineffectiveness is demonstrated by showing thatcounsel's errors were so serious that he or she failed to function as thecounsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153, 524 N.E.2d 476. To establish prejudice, a defendant mustshow there is a reasonable probability that, but for counsel's errors,the result of the proceeding would have been different. Strickland at694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A reasonable probability mustbe a probability sufficient to undermine confidence in the outcome of thecase. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373,paragraph three of the syllabus. The defendant bears the burden of proofin demonstrating ineffective assistance of counsel. State v. Smith(1985), 17 Ohio St.3d 98, 477 N.E.2d 1128.
 As stated above, an indictment for of a violation of R.C. 2919.21(A)(2)must be returned within six years after the offense is committed ifreasonable diligence is exercised to issue and execute process of thatindictment. R.C. 2901.13. In this case, the offense charged ended onSeptember 21, 1994, and an indictment was returned on September 29,1994. Seeley was not arrested until October 3, 2000. Defense counselshould have noticed this possible violation of the statute of limitationsand the failure to do so was deficient.
 Furthermore, Seeley was prejudiced by counsel's deficient performance.As stated above, it is possible that the State did exercise reasonablediligence when executing process of the indictment. The fact that Seeleywas arrested on the indictment after the date the statute of limitationspresumptively ran creates a reasonable possibility that, had Seeley'scounsel raised this defense, the charges would have been dismissed for aviolation of the statute of limitations. Therefore, Seeley's counsel wasineffective for failing to raise the statute of limitations as a defenseto the charge. See State v. Tolliver (Sept. 13, 2001), Cuyahoga App. No.78786, unreported.
 It may appear contradictory that in two consecutive assignments oferror we have dealt with alleged errors surrounding possible violationsof the statute of limitations, and reached two very different results.Accordingly, it is instructive at this point to discuss the differencesbetween the doctrines of ineffective assistance of counsel and plainerror.
 As has been stated, plain error exists only when it is clear theoutcome would have been different but for the error. Sanders, supra.Appellate courts recognize plain error "`with the utmost caution, underexceptional circumstances and only to prevent a manifest miscarriage ofjustice.'" State v. Landrum (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710,717, quoting State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178,372 N.E.2d 804, paragraph three of the syllabus. Thus, it is generally analmost insurmountable obstacle to reversal. State v. Carpenter (1996),116 Ohio App.3d 615, 621, 688 N.E.2d 1090, 1094. In contrast, a defendantis prejudiced by counsel's deficient performance when there is areasonable probability that the outcome would have been different but forthe error. Strickland, supra. This is a much more solicitous standard ofreview than the plain error standard. See Carpenter at 622,688 N.E.2d at 1094.
 These different standards of review may produce different results inthe same or similar fact patterns. See State v. Pettit (July 5, 2000),Vinton App. No. 99CA529, unreported; State v. Jones (1996),114 Ohio App.3d 306, 683 N.E.2d 87. As Justice Cook recently wrote, "thestandard for prejudice under the plain-error rule differs from thestandard for prejudice in an ineffective-assistance-of-counsel claim, andwe should studiously avoid mixing the two concepts." State v. Murphy(2001), 91 Ohio St.3d 516, 559, 747 N.E.2d 765, 810 (Cook J.,concurring). Under the doctrine of ineffective assistance of counsel, anappellant is claiming counsel's performance necessitated the error. Thedoctrine of plain error arises regardless of counsel's performance. Itonly applies when the court manifestly errs. In this case, Seeley'scounsel was prejudicially deficient in not attempting to address thepossible violation of the statute of limitations. However, the trial courtdid not manifestly err when it did not independently acknowledge thatpossible violation.
 Returning to Seeley's ineffective assistance of counsel claim, Seeleyalso argues counsel was deficient for failing to request DNA testing. Themere fact that a court had found him to be the father of the child in apaternity action is irrelevant to the disposition of a criminal actionbased upon R.C. 2919.21(A)(2) because Seeley's paternity is an essentialelement of the State's case. Parsley, supra.
In a case such as this one, where a defendant is charged with violating R.C. 2919.21(A)(2) and the defendant maintains the child is not his child, the defendant's counsel should request paternity testing. Seeley's counsel's performance was deficient in not recognizing this fact. However, Seeley was not prejudiced by this deficiency. Seeley's statements that he thought he might not be the father are insufficient to establish a reasonable probability that the outcome of the case would have been any different. They are not sufficient to undermine confidence in the outcome of the case. Therefore, Seeley's counsel's failure to request genetic testing was not ineffective.
Seeley's counsel was ineffective for failing to address the apparent violation of the statute of limitations. Upon remand, it is within the province of the trial court, as the trier of fact, to resolve the issue of the State's diligence with regard to the statute of limitations. However, counsel's failure to request genetic testing did not render the assistance given to Seeley ineffective. Seeley's second assignment of error is meritorious.
For the foregoing reasons, as Seeley's second and third assignments of error are meritorious, we reverse the trial court's decision and remand this cause for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.