OPINION
¶ 1 Defendant-appellant, George A. Smith, appeals his jury trial conviction in the Warren County Court of Common Pleas for nonsupport of a dependent. We affirm the decision.
¶ 2 Appellant and April Hall dated for a period of time around 1990 and 1991. On January 25, 1991, appellant was sentenced to prison on an unrelated matter. On August 11, 1991, Hall gave birth to Dustin Hall. On one occasion, Hall brought Dustin to see appellant in prison. On December 5, 1995, appellant was released from prison in Ohio and paroled to Kansas City, Missouri.
¶ 3 On March 3, 1997, the Warren County Child Support Enforcement Agency ("WCCSEA") filed a complaint to determine parentage against appellant in the Warren County Juvenile Court. Appellant did not respond to the service, so the WCCSEA moved for default judgment. On May 14, 1997, the juvenile court granted WCCSEA's motion for default judgment finding appellant was the father of Dustin Hall. The juvenile court also ordered appellant to pay $94.86 a month in child support. Appellant made no payments on this obligation and has an arrearage of $44,128.80 as of November 1, 2001.
¶ 4 On August 20, 2001, appellant was indicted for nonsupport of dependents in violation of R.C. 2919.21(A)(2)[1] and 2919.21(B).[2]
On December 4, 2001, the trial court ordered a paternity test conducted. The results of the DNA test show within 99.8% accuracy that appellant is Dustin's father.
¶ 5 On February 5, 2002, the jury returned a verdict of guilty as to a violation of R.C. 2919.21(A)(2) and not guilty as to a violation of R.C. 2919.21(B). Appellant was sentenced to six months in prison to be served consecutively to his present prison term in Kansas City. Appellant appeals raising three assignments of error.
Assignment of Error No. 1
 "APPELLANT WAS UNFAIRLY PREJUDICED BY THE USE OF EVI DENCE OBTAINED AFTER THE PERIOD OF TIME FOR WHICH APPELLANT WAS INDICTED AND BY THE ADMISSION OF A PRIOR DEFAULT JUDGMENT ORDERING CHILD SUPPORT."
 ¶ 6 Appellant maintains that the trial court improperly admitted the juvenile court May 14, 1997 default judgment into evidence. He also maintains that the court-ordered paternity test was improperly admitted into evidence. Appellant argues that he was materially prejudiced by the admittance of this evidence.
¶ 7 The admission or exclusion of evidence is within the discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,paragraph two of the syllabus. The trial court's decision on anevidentiary issue will stand absent an abuse of discretion thatmaterially prejudices a party. State v. Matusic, Madison App. No. CA2000-12-053, 2002-Ohio-290.
¶ 8 Appellant first argues that the admittance of the default judgment materially prejudiced him. Appellant maintains that the trial court improperly allowed a judgment in a civil action into evidence in order to establish an element of a criminal offense. Appellant contends that this admission is contrary to the rule established in State v.Parsley (1994), 93 Ohio App.3d 788.
 ¶ 9 Appellant was charged with violating R.C. 2919.21(A)(2) and (B). The decision in Parsley held that a civil child support order couldnot be offered into evidence by the state to prove parentage. Parsley,93 Ohio App.3d at 791, 792. (Emphasis added.) However, Parsley also heldthat a civil child "support order may be sufficient to establish a legalobligation to support a child in order to satisfy the state's proof underR.C. [2919.21(B)]."[3] Id. Therefore the state properly offered thedefault judgment into the record to establish appellant's legalobligation to support Dustin under R.C. 2919.21(B).
 ¶ 10 We have held in the past that "[a] court order for child support may be used to establish that a defendant is legally obligated to support a person as required by [R.C. 2919.21(B)]." State v. Williams(1998), Butler App. No. CA97-10-202, citing State v. Harding (1992),81 Ohio App.3d 619, 622. Accordingly, the trial court did not err byallowing the default judgment to be introduced into evidence as thestate's proof that appellant had an obligation to support Dustin underR.C. 2919.21(B).[4]
 ¶ 11 Appellant also maintains that the trial court erred in admitting his post-indictment paternity test into evidence. He argues that he was unfairly prejudiced because he was indicted for a crime before the state had obtained all of the evidence to prove "a necessary element of the crime."[5]
 ¶ 12 Any claimed error regarding a trial court's decision on a motion in limine must be preserved at trial by an objection, proffer, or ruling on the record when the issue is actually reached during the trial and the context is developed. Wilhote v. Kast, Warren App. No. CA2001-01-001, 2001-Ohio-8621. "The failure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine." State v. Grubb(1986), 28 Ohio St.3d 199, 203. Therefore, appellant's failure to objectto the introduction of the paternity test at trial waived any challengeto the introduction of the paternity test. See e.g. Wilhote,2001-Ohio-8621.
 ¶ 13 Moreover, appellant was not prejudiced by the admittance of the paternity test. In order to be found guilty of R.C. 2919.21(A)(2), the state had to prove that appellant had reason to believe during the indictment period that he was Dustin's father and with reckless intent did not support him.
¶ 14 There was ample evidence for a jury to find that appellant had reason to believe he was Dustin's father without the admittance of the paternity test. Appellant admitted to having a relationship with Hall. He testified that Hall brought Dustin to visit him in jail once. He further testified that he believed at this time that Dustin was his son. Appellant testified that he continued correspondence with Hall during his first few years in prison, writing to her that "we're going to make it through this little incident * * * I was going to get out, and we was going to be a family." Hall testified that appellant was Dustin's father. Finally, appellant testified that when he was released from prison in Ohio and had doubts as to Dustin's parentage, he "should have" tried to find out if Dustin was his son. The credibility of the witnesses is primarily for the trier of facts. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, weoverrule appellant's first assignment of error.
 Assignment of Error No. 2
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION REGARDING LACK OF ADEQUATE SUPPORT."
 ¶ 15 Appellant maintains that the state provided no evidence of what constitutes adequate support. Therefore, he maintains that the trial court could not find him guilty pursuant to R.C. 2919.21(A)(2) for failing to provide adequate support.
¶ 16 Pursuant to Crim.R. 29(A), acquittal should only be entered if the evidence is insufficient to sustain a conviction for the charged offense. "Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. A reviewing court must inquire whether "after viewing the evidence in the light most favorable to the prosecution, * * * any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks(1991),61 Ohio St.3d 259, 273.
¶ 17 Appellant maintains that the state did not prove an essential element, "what is adequate support." Appellant confuses the elements required to find a person guilty for nonsupport of defendants. R.C. 2919.21(A)(2) provides in pertinent part that "[n]o person shall abandon, or fail to provide adequate support to his or her legitimate or illegitimate child who is under age eighteen."
¶ 18 Adequate support relates to what appellant is able to provide. Hall testified that she was having difficulty providing for Dustin's needs. She also testified that she was receiving public assistance. Appellant has admittedly never provided support to Dustin. Appellant is presumed to have the ability to support a child unless he raises his inability as an affirmative defense. State v. Garrison (June 26, 2000), Lawrence App. No. 99CS16. Appellant testified that he was in prison for seven out of ten years. Therefore, there was a period of time in which appellant could have provided support for Dustin. Under these circumstances, we find that no support is not adequate support. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3
 "THE JURY FINDING THAT APPELLANT WAS RECKLESS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE CONVICTION SHOULD BE REVERSED."
 ¶ 19 Appellant maintains that his conviction was against the manifest weight of the evidence. Specifically, appellant argues that he was not reckless in his failure to pay child support.
¶ 20 The standard the court follows for determining reversal for manifest weight of the evidence is summarized as, "[t]he court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v.Martin (1983), 20 Ohio App.3d 172. However, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. DeHass, 10 Ohio St.2d at paragraph one of the syllabus.
¶ 21 The state had to prove that appellant recklessly failed to provide adequate support to his child to be found guilty of nonsupport of dependents in violation of R.C. 2919.21(A)(2). R.C. 2901.21(B).[6] "A person acts recklessly when, with heedless indifference to the consequences of his actions, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
¶ 22 As stated earlier, appellant admitted to having a relationship with Hall. He testified that at first he believed Dustin was his son. Appellant further testified that he continued correspondence with Hall during his first few years in prison, writing to her that "we're going to make it through this little incident * * * I was going to get out, and we was going to be a family." Appellant admitted that although he later had doubts, he never tried to confirm Dustin's paternity. Moreover, appellant testified that after he got out of prison, "I wasn't even thinking about a kid."
¶ 23 After reviewing the record, we find that the jury did not lose its way in finding appellant guilty of not providing adequate support for his son. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] R.C. 2919.21(A)(2) provides in pertinent part, "[n]o person shall abandon, or fail to provide adequate support to the person's child who is under age eighteen."
[2] R.C. 2919.21(B) provides, "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
[3] R.C. 2919.21 was amended in 1996. The amendment redesignated division (A)(4) as division (B).
[4] We note that appellant was found not guilty of R.C. 2919.21(B).
[5] We note that appellant offered no statutory or case authority to support his contention that the state may not procure evidence after an indictment.
[6] In pertinent part, R.C. 2901.21(B) states that "[w]hen the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."