[Cite as *State v. Ewing*, 2021-Ohio-2220.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO                                      C.A. No.       29685

       Appellee

       v.                                           APPEAL FROM JUDGMENT
ENTERED IN THE

KEITH L. EWING                              COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO

       Appellant                            CASE No.       CR 17 07 2612

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

---

CALLAHAN, Judge.

{¶1} Appellant, Keith L. Ewing, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2009, an administrative order by the Summit County Child Support Enforcement Agency ("CSEA") ordered Mr. Ewing to pay $51.00 per month in child support for twin girls born in 2000. On July 31, 2017, Mr. Ewing was indicted on two charges of nonsupport of dependents pursuant to R.C. 2919.21(A)(2)/(B). The indictment alleged that Mr. Ewing failed to support the twins between July 1, 2015, and June 30, 2017. Mr. Ewing failed to appear for his arraignment, and a capias issued for his arrest. The case was inactive for two years.

{¶3} After Mr. Ewing was ultimately taken into custody, he waived his right to counsel and his case was tried to a jury in 2020. The jury found Mr. Ewing guilty of both charges, and the trial court sentenced him to concurrent twelve-month prison terms. The trial court suspended the

prison sentences on the condition that Mr. Ewing complete 5 years of community control, including residential sanctions of 60 days in jail and participation in employment placement programming for 120 days through Oriana House.

{¶4} Mr. Ewing appealed. His five assignments of error are rearranged for ease of disposition.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE STATE FAILED TO PROVE PATERNITY BEYOND A REASONABLE DOUBT IN THAT IT FAILED TO PROVE THAT THE CHILDREN WERE HIS NATURAL DAUGHTERS UNDER THE TESTIMONY OF THE CUSTODIAL MOTHER AND THE EXHIBITS SUBMITTED BY THE STATE AND AS SUCH, THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN THE VERDICT[.]

{¶5} In his first assignment of error, Mr. Ewing has argued that the State did not produce sufficient evidence demonstrating that the twins were his children, as required by R.C. 2919.21(A)(2). This Court does not agree.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

**{¶7}** R.C. 2919.21(A)(2) provides that "[n]o person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen * * *." Parentage is an element of the offense that must be proved by the State beyond a reasonable doubt.[1] *State v. Parsley*, 93 Ohio App.3d 788, 792 (6th Dist.1994). It cannot be proved by the introduction of a judgment from a civil case. *Id.* at 791-792. *See also State v. Snyder*, 157 Ohio St. 15, 19-20 (1952) (parentage cannot be established in a criminal nonsupport case by reference to a divorce decree or a prior judgment in a paternity action). This is not to say that parentage must be established in a specific way to prove charges under R.C. 2919.21(A)(2), however. The import of these cases is that a civil judgment must not be given preclusive effect. *See Snyder* at 21 (concluding that the trial court erred by refusing to permit the defendant to introduce evidence tending to demonstrate that he was not the father of the children at issue); *Parsley* at 790-792.

**{¶8}** Two witnesses offered testimony relevant to paternity in this case. The child support case worker testified that according to her records, paternity of the twins was established at the hospital when they were born. S.B., the mother of the twins, testified in more detail. She explained that she was in a relationship with Mr. Ewing that lasted approximately four years, ending in 2003. S.B. testified that Mr. Ewing is the father of her twin daughters, and she explained that she accompanied him to downtown Cleveland to sign their birth certificates in May 2001.

**{¶9}** The jury could reasonably conclude from this testimony that Mr. Ewing is the father of the twins. His arguments to the contrary address the strength of the evidence regarding paternity and the credibility of the witnesses. When considering the sufficiency of the evidence, however,

---

[1] In contrast, proof of parentage is not required to establish a violation of R.C. 2919.21(B). *See State v. Jackson*, 2d Dist. Montgomery No. 24486, 2011-Ohio-6707, ¶ 15. Although Mr. Ewing was charged under both portions of the statute, this Court notes that he was not subject to a "court order" regarding child support.

this Court must view the evidence in the light most favorable to the State without considering credibility. *See Jackson*, 443 U.S. at 319; *Jenks*, 61 Ohio St.3d at 273.

{¶10} Mr. Ewing's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN ALLOWING TESTIMONY AS TO "OTHER ACTS" EVIDENCE PERTAINING TO CLAIMS OF A SUPPORT CASE IN CUYAHOGA COUNTY WHEN THE STATE FAILED TO FOLLOW THE REQUIREMENT OF [EVID.R. 404] TO GIVE "NOTICE OF INTENT" TO USE OTHER ACTS EVIDENCE[.]

{¶11} Mr. Ewing's third assignment of error argues that the trial court erred by admitting the testimony of a witness who mentioned another child support case in Cuyahoga County when the State failed to provide notice of its intention to introduce evidence of other acts. Because Mr. Ewing did not raise this issue in the trial court, he has forfeited all but plain error for purposes of appeal. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22-25.

{¶12} Crim.R. 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. This Court can only notice plain error when there has been a deviation from a legal rule that constituted an obvious defect in the trial proceedings and affected the outcome. *Rogers* at ¶ 22, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶13} Evidence relating to "other crimes, wrongs, or acts" cannot be admitted for the purpose of "prov[ing] the character of a person in order to show action in conformity therewith." Evid.R. 404(B). It may, however, be admissible for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. The Supreme Court of Ohio has articulated a three-part analysis that must be applied when considering the admission of other acts testimony: the evidence must be relevant, it must be

introduced for a purpose other than proving propensity, and the probative value of the evidence must not be substantially outweighed by the risk of unfair prejudice. *State v. Graham*, Slip Opinion No. 2020-Ohio-6700, ¶ 72, citing *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20 and *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, ¶ 22.

{¶14} The determination of whether other acts evidence is offered for a permissible purpose under Evid.R. 404(B) is a question of law that this Court reviews de novo. *See Hartman* at ¶ 22. On the other hand, this Court reviews a trial court's determination that permissible other acts evidence should be admitted for an abuse of discretion. *See Hartman* at ¶ 22, citing *Williams* at ¶ 17. *See generally State v Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus (noting that relevance and the admission of evidence under Evid.R. 403(A) are reviewed for an abuse of discretion).

{¶15} During trial, the child support case worker described the options available to CSEA as the agency pursues collection of unpaid child support. The case worker noted the remedies that CSEA pursues before criminal charges, describing license suspensions, passport suspensions, and contempt. The case worker explained that a passport suspension may be put in place when CSEA notifies the State of Ohio that an obligor is at least $2,500 in arrears in the aggregate. She also described the actions taken in Mr. Ewing's case before criminal charges were filed but explained that CSEA did not obtain a passport suspension because, by the time he reached the amount of arrears that triggers a suspension, CSEA learned that a passport suspension was already in place as a result of another matter.

{¶16} The purpose of this testimony was not to establish that Mr. Ewing acted in conformity with prior conduct, but to explain the steps that led up to the point at which criminal charges were filed. The testimony was properly admitted for this purpose, and its probative value

was not substantially outweighed by the risk of unfair prejudice. *See Graham*, Slip Opinion No. 2020-Ohio-6700, at ¶ 72, citing *Williams* at ¶ 20 and *Hartman* at ¶ 22. Nonetheless, even if this Court were to assume that there was not a permissible purpose for the case worker's comment, we could not conclude that admission of the testimony amounted to plain error because it did not affect the outcome of the trial. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 22, citing *Barnes*, 94 Ohio St.3d at 27. The reference to another child support case during the case worker's testimony was fleeting. *See*, *e.g.*, *State v. Potter*, 8th Dist. Cuyahoga No. 72015, 1998 WL 183847, *6 (Apr. 16, 1998). On the other hand, there was ample evidence demonstrating that Mr. Ewing was aware of the CSEA administrative order but failed to support the twins during the period at issue.

{¶17} Mr. Ewing has also argued that even if the child support case worker's testimony was not admitted to show conduct in conformity with other acts, it was plain error for the trial court to permit the testimony because the State failed to provide notice of its intent to elicit the testimony.

{¶18} In the event that a party intends to introduce other acts evidence for a permissible purpose, the proponent must "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Evid.R. 404(B). This requirement, however, "'should not be construed to exclude otherwise relevant and admissible evidence solely because of a lack of notice, absent a showing of bad faith.'" *State v. Lester*, 3d Dist. Union Nos. 14-18-21, 14-18-22, 2020-Ohio-2988, ¶ 48, quoting 2012 Staff Note, Evid.R. 404(B). *See also State v. Binks*, 12th Dist. Butler No. CA2017-08-118, 2018-Ohio-1570, ¶ 48.

{¶19} As noted above, the purpose of the case worker's testimony was not to demonstrate conduct in conformity with past acts, but to provide context for her discussion of the process that lead to criminal charges against Mr. Ewing. Under such circumstances, Evid.R. 404(B) would not exclude that testimony absent a showing of bad faith. *See Lester* at ¶ 48. Even assuming error in the admission of the testimony, however, this Court could not notice plain error under these circumstances: having concluded that the testimony did not affect the outcome of the trial, it follows that we cannot notice plain error based on lack of notice for the same reason. *See*, *e.g.*, *State v. Nuzum*, 6th Dist. Lucas No. L-15-1122, 2016-Ohio-2744, ¶ 21.

{¶20} Mr. Ewing's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

IT WAS PLAIN ERROR TO ALLOW THE PROSECUTOR['S] INVESTIGATOR [M.H.] TO GIVE HIS OPINION AS TO WHETHER [MR. EWING] WAS ABLE TO WORK.

{¶21} In his fourth assignment of error, Mr. Ewing argues that the trial court erred by permitting an investigator employed by the State to express an opinion with respect to whether Mr. Ewing was capable of working during the time period at issue. Because Mr. Ewing did not raise this issue in the trial court, he has forfeited all but plain error for purposes of appeal. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 22-25.

{¶22} A lay witness may testify regarding opinions or inferences that are rationally based on the witness's perception and helpful for developing a clear understanding of that witness's testimony or determining a fact that is in issue. Evid.R. 701. For example, Evid.R. 701 permits lay witnesses to express opinions about the identity of a controlled substance, *State v. McKee*, 91 Ohio St.3d 292 (2001), syllabus; whether an individual is intoxicated, *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 15 and syllabus; and, in the case of an individual's treating physician,

to describe the physical condition of a patient, *State v. Heller*, 9th Dist. Lorain No. 18CA011304, 2019-Ohio-4722, ¶ 7. The common thread under Evid.R. 701 is that this testimony must draw on the individual's own observations. Lay opinion testimony cannot be based, in whole or in part, upon observations made by others. *State v. Johnson*, 88 Ohio St.3d 95, 111 (2000), quoting *State v. Webb*, 70 Ohio St.3d 325, 333 (1994).

**{¶23}** Mr. Ewing argues that the following exchange between the prosecutor and M.H., an investigator who prepares CSEA cases for trial, violated Evid.R. 701:

> Q: Based on your investigation, do you believe [Mr. Ewing] is capable of being employed?
>
> A: Yes, I do.
>
> Q: Do you believe that [Mr. Ewing] is capable of earning a wage?
>
> A: Yes.
>
> Q: Did you find any evidence that might suggest that [Mr. Ewing] is incapable of earning a wage?
>
> A: No, I did not.

Mr. Ewing notes that M.H. did not personally observe him and acknowledged that he had not met Mr. Ewing in person. In context, however, M.H.'s testimony regarding Mr. Ewing's ability to work was confined to the outcome of his investigation. Although the question posed to M.H. by the State was inartful in this regard, M.H.'s answer was not an expression of lay opinion. During his cross-examination, M.H. reiterated this connection, noting that he had not observed anything in CSEA's child support tracking system, "in [CSEA's] process, in the notes, nothing there that says [Mr. Ewing]'s incapable of holding a job and working and providing for his children."

**{¶24}** Even assuming that M.H.'s testimony did violate Evid.R. 701, however, this Court could not recognize plain error in this case because the error, if any, did not change the outcome of the proceeding. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 22, citing *Barnes*, 94

Ohio St.3d at 27. The child support case worker testified that Mr. Ewing made some, but few, payments toward his child support obligation. She described the efforts that CSEA undertakes to work with obligors who are unable to pay but noted that although Mr. Ewing participated in the administrative support proceedings, he had never notified CSEA that he could not meet his obligations. M.H., who investigated Mr. Ewing's employment, testified that several active corporations were registered in Mr. Ewing's name. He explained that one of the corporations' websites marketed its experience as a "global resource developer [in] mining [and] drilling." S.B., the twins' mother, testified that Mr. Ewing started the businesses many years ago. She also noted, however, that although "able-bodied" with "nothing wrong with him[,]" Mr. Ewing does not want to work and is supported by his parents. Although inability to pay is an affirmative defense to a charge of nonsupport, Mr. Ewing presented no evidence to the contrary. *See generally* R.C. 2919.21(D); R.C. 2901.05(A) (In general, "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense * * * is upon the accused."). *See also State v. Roders*, 9th Dist. Summit No. 20962, 2002-Ohio-3867, ¶ 16.

{¶25} The admission of M.H.'s testimony was not plain error, and Mr. Ewing's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶26} Mr. Ewing's second assignment of error argues that his convictions for nonsupport of dependents are against the manifest weight of the evidence. This Court does not agree.

{¶27} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶28} Mr. Ewing's first two arguments in support of his second assignment of error reiterate those he articulated in support of his third and fourth assignments of error, which this Court has rejected. He has also argued that the evidence regarding his ability to pay support is conflicting. In considering this argument, this Court is mindful that because inability to pay is an affirmative defense under R.C. 2919.21(D), the burden of proof fell to Mr. Ewing, who did not present any evidence in this respect. *See Roders*, 2002-Ohio-3867, at ¶ 16. As noted above, the caseworker testified that Mr. Ewing did not avail himself of the opportunity to notify CSEA that he was unable to meet his obligations. M.H. described the corporations owned by Mr. Ewing and the expertise that they touted through their internet presence. S.B. confirmed that Mr. Ewing had started numerous corporations in the past. Although, as Mr. Ewing points out, S.B. testified that Mr. Ewing did not make money from the corporations at the time, she also testified that Mr. Ewing encouraged her to be patient, and she stated that Mr. Ewing is capable of working, but chooses to rely on his parents for support.

{¶29} Mr. Ewing also maintains that the evidence establishes that he did not abandon his duty to support the twins but, instead, was left "homeless in Paris, France[]" when his passport was suspended. This Court notes, however, that Mr. Ewing did not elicit testimony from the State's witnesses to this effect, nor did he present evidence along these lines. Consequently, there is no evidence in the record that would support this argument.

{¶30} Finally, Mr. Ewing argues that because there is "no testimony that [S.B] and the [twins] needed any support from him during the time periods in the indictment[,]" the conclusion that he "fail[ed] to provide adequate support" under R.C. 2919.21(A) is against the manifest weight of the evidence. R.C. 2919.21(A), however, "requires the state to show that the child is not being adequately supported *by the defendant*. * * * It is not an affirmative defense to prosecution under R.C. 2919.21 that the child is being adequately supported by a party other than defendant." (Emphasis in original.) *State v. Schaub*, 16 Ohio App.3d 317, 319 (8th Dist.1984). *See also State v. Ringkob*, 9th Dist. Summit No. 18484, 1998 WL 159015, *4 (Mar. 25, 1998) (rejecting the appellant's argument that "the State presented no evidence that his children 'went without[]'" because "[t]hat others are providing support to a child is not a defense to prosecution under Section 2919.21(A)(2)."). Mr. Ewing's argument in this regard is, therefore, of no consequence with respect to the weight of the evidence supporting his convictions.

{¶31} Mr. Ewing's conviction for nonsupport of dependents is not against the manifest weight of the evidence. His second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 5

THE [TRIAL] COURT ERRED IN GIVING JURY INSTRUCTIONS THAT AN ELEMENT OF THE OFFENSE CHARGED IS THE *MENS REA* OF "RECKLESSLY ABANDON" AS THE STATUTE DOES NOT PROVIDE FOR RECKLESSLY BUT REQUIRES SIMPLY ABANDONMENT[.]

{¶32} In his fifth assignment of error, Mr. Ewing argues that the trial court erred by instructing the jury that the mens rea required for a conviction under R.C. 2919.21(A)(2) is reckless, rather than willful, conduct. Because Mr. Ewing did not object to the jury instruction, he has forfeited all but plain error for purposes of appeal. *See State v. Owens*, 162 Ohio St.3d 596, 2020-Ohio-4616, ¶ 7, quoting Crim.R. 30(A) and citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 127.

**{¶33}** "[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus; R.C. 2945.11 ("In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict."). Although trial courts enjoy broad discretion in fashioning jury instructions, they must "present a correct, pertinent statement of the law that is appropriate to the facts." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 46, citing *State v. Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, ¶ 5, and *State v. Lessin*, 67 Ohio St.3d 487, 493 (1993). This Court reviews a trial court's decision to provide a requested jury instruction for an abuse of discretion. *State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 40, quoting *State v. Evans*, 9th Dist. Medina No. 07CA0057-M, 2008-Ohio-4772, ¶ 12. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**{¶34}** When the language of a statute that defines a criminal offense does not specify the requisite degree of culpability or plainly indicate that strict liability should be imposed, the culpable mental state required for commission of the offense is recklessness. *See State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, paragraph two of the syllabus, citing former R.C. 2901.21(B). *See also State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 21. Applying the previous version of R.C. 2901.21, the Ohio Supreme Court reasoned that this rule applies only when no degree of culpability is specified in the section that defines the offense. *State v. Tolliver*, 140 Ohio St.3d 420, 2014-Ohio-3744, paragraph one of the syllabus. Relying on *Johnson*, the Court emphasized that the relevant consideration was whether a *section* of the Revised Code—

rather than a division or a clause—expressed a culpable mental state or the intention that the strict liability apply. *Tolliver* at ¶ 15. Thus, the Court reasoned that "[i]f the section already requires proof of a culpable mental state for any element of the offense in any division or subdivision, R.C. 2901.21(B) [and R.C. 2901.21(C)(1)] [do] not apply, and the state need prove culpability only as specified in the section." *Id*. at paragraph one of the syllabus.

{¶35}  R.C. 2901.21(C)(1) now omits any reference to the "section" that defines an offense and provides:

> When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly.

R.C. 2919.21(A)(2) provides that "[n]o person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen * * * ."  Neither this portion of the statute nor the statute as a whole specifies the culpable mental state required for a conviction. *See Tolliver* at paragraph one of the syllabus.  Consequently, the culpable mental state required for a violation of R.C. 2919.21(A)(2) is recklessness. *State v. Smith*, 12th Dist. Warren No. CA2002-04-038, 2002-Ohio-6395, ¶ 21; *State v. Beach*, 148 Ohio App.3d 181, 2002-Ohio-2759, ¶ 8 (1st Dist.). *Compare State v. Collins*, 89 Ohio St.3d 524, 530-531 (2000) (concluding that because the statute is silent, the culpable mental state required for a violation of R.C. 2919.21(B) is recklessness).

{¶36}  Mr. Ewing argues that R.C. 2919.21(A)(2) requires a culpable mental state of willfulness because the use of the word "abandon" in the statute implies willfulness.  R.C. 2919.21(A)(2), however, does not explicitly reference a culpable mental state.  The trial court instructed the jury that R.C. 2919.21(A)(2) required them to find that Mr. Ewing "abandoned or *recklessly failed* to provide adequate support" to the twins.  (Emphasis added.)  The trial court also provided the jury with a definition of "abandoned" that included the word "willfully."

Nonetheless, the trial court accurately instructed the jury that the culpable mental state required for failure to provide adequate support is recklessness. This instruction was "a correct, pertinent statement of the law that is appropriate to the facts[,]" and it was not an abuse of the trial court's discretion. *See White*, 142 Ohio St.3d 277, 2015-Ohio-492, at ¶ 46, citing *Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, at ¶ 5, and *Lessin*, 67 Ohio St.3d at 493. Because "error * * * [is] the starting point for a plain-error inquiry[,]" Mr. Ewing's fifth assignment of error is not well-taken. *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001); Crim.R. 52(B).

{¶37} Mr. Ewing's fifth assignment of error is overruled.

III.

{¶38} Mr. Ewing's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTIO, Assistant Prosecuting Attorney, for Appellee.