[Cite as *State v. Smith*, 2017-Ohio-8680.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 17CA0035-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEITH M. SMITH | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 15 CR 0384 |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2017

---

HENSAL, Presiding Judge.

{¶1} Keith Smith appeals from the judgment of the Medina County Court of Common Pleas. We affirm.

I.

{¶2} A grand jury indicted Keith Smith on four counts of pandering sexually oriented material involving a minor in violation of Revised Code Section 2907.322(A)(2), felonies of the second degree, and three counts of pandering sexually oriented material involving a minor in violation of Section 2907.322(A)(5), felonies of the fourth degree. Mr. Smith initially pleaded not guilty. He subsequently changed his plea to no contest, but then moved to withdraw his plea, which the trial court allowed. Mr. Smith then changed his plea to guilty and, in exchange for his guilty plea, the State amended the counts under Section 2907.322(A)(2) to counts under Section 2907.322(A)(5), making each of the seven counts felonies of the fourth degree. Each count

related to pornographic videos involving minors that police discovered on computers in Mr. Smith's home.

{¶3} The trial court sentenced Mr. Smith to 18 months of incarceration on each of the seven counts. The trial court ordered two of the counts to run consecutively, but concurrent with the remaining five counts, for a total prison term of 36 months. Mr. Smith now appeals, raising five assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ACCEPTED A PLEA OF GUILTY IN THIS CASE.

{¶4} In his first assignment of error, Mr. Smith argues that the trial court violated his constitutional rights by accepting his guilty plea. He argues that he only pleaded guilty because pornographic videos involving minors were found on computers in his home, not because he was actually guilty. He, therefore, argues that he did not knowingly, voluntarily, and intelligently plead guilty.

{¶5} As the State points out, Mr. Smith's argument ignores the fact that the statute under which he was convicted encompasses more than procuring child pornography; it includes knowingly soliciting, receiving, purchasing, exchanging, possessing, or controlling child pornography. R.C. 2907.322(A)(5). Thus, the fact that Mr. Smith denied downloading the pornography does not indicate that he believed he was innocent, or that he did not knowingly, voluntarily, and intelligently plead guilty.

{¶6} Even if Mr. Smith had maintained his complete innocence, the United States Supreme Court in *North Carolina v. Alford* – a case upon which Mr. Smith relies – held that a criminal defendant who believes he or she is innocent may plead guilty, and that a trial court

does not commit a constitutional error by accepting such a plea when the State presents a strong factual basis for the plea. 400 U.S. 25, 38 (1970). This is commonly known as an "*Alford* plea[.]" *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 13. Here, the record indicates that Mr. Smith knew that pornographic material involving minors existed on computers in his home. His defense was simply that someone else downloaded it. That fact – even if believed – does not absolve Mr. Smith from criminal liability under Section 2907.322(A)(5). Having reviewed the entire record, we cannot conclude that the State failed to present a strong factual basis to support Mr. Smith's guilty plea, or that Mr. Smith did not knowingly, voluntarily, and intelligently plead guilty. Accordingly, his first assignment of error is overruled.

ASSIGNMENT OF ERROR II

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE COURT IMPOSED A PRISON SENTENCE RATHER THAN PROBATION BASED ON DEFENDANT'S REFUSAL TO ACCEPT RESPONSIBILITY.

{¶7} In his second assignment of error, Mr. Smith asserts that the trial court violated his constitutional rights when it imposed a prison sentence because he did not accept responsibility for the crimes. At sentencing, the trial court stated that Mr. Smith "is not accepting responsibility in this matter. He's saying that [the pornographic videos] were on his computer but * * * this wasn't his offense * * * and he doesn't want anyone else to take responsibility for that." Mr. Smith's trial counsel did not object to the trial court's statements. He, therefore, is limited to arguing plain error on appeal. *State v. Henry*, 9th Dist. Summit No. 27758, 2016-Ohio-680, ¶ 10 (acknowledging that the plain-error standard of review applies when an objection is not made at trial). Mr. Smith, however, has not developed a plain-error argument on appeal, and this Court will not construct one on his behalf. *State v. Jacobs*, 9th Dist. Summit No. 27545, 2015-Ohio-4353, ¶ 33 ("This Court has repeatedly noted that it will not sua sponte

fashion an unraised plain error argument and then address it."). Accordingly, Mr. Smith's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSED A CONSECUTIVE SENTENCE WITHOUT APPROPRIATE FINDINGS.

{¶8} In his third assignment of error, Mr. Smith argues that the trial court denied his due-process rights when it imposed consecutive sentences without making the appropriate statutory findings. His argument in this regard is repetitive, difficult to follow, and addresses issues unrelated to this case. For example, he asserts that "[w]hile [he] may have pled guilty to a mandatory sentence [he] was required to be sentenced, at least, for the firearm specifications as required by law[,]" yet this case does not involve firearm specifications. Regardless, for the reasons outlined below, we disagree with Mr. Smith's argument.

{¶9} Section 2929.14(C)(4) provides that:

[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Here, the trial court found that two or more of the multiple offenses were committed as a single course of conduct, and that the harm was so great and unusual that a single term would not adequately reflect the seriousness of the conduct (i.e., a finding under subsection (b)). It also held that consecutive sentences were necessary to protect the public.

{¶11} Despite acknowledging that the trial court made certain findings, Mr. Smith argues that "there was an absence of any judicial consideration of the mandated statutory considerations[.]" He seems to argue that the trial court was required to explain its reasoning and could not simply invoke the "magic words" when imposing consecutive sentences. A trial court, however, is not required to explain its reasoning when imposing consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Instead, a trial court is only required to state its findings as part of the sentencing hearing, and to incorporate those findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2017-Ohio-3177, ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* Here, Mr. Smith's argument focuses on the sentencing hearing, not the sentencing entry. Having reviewed the record, we conclude that the trial court engaged in the correct analysis, and determine that the record contains evidence to support its findings. Mr. Smith's argument, therefore, lacks merit.

{¶12} Mr. Smith also argues that the trial court erred by basing its sentence on facts that he did not admit to, nor were alleged in the indictment. It is unclear, however, which facts Mr. Smith is referring to. At sentencing, the trial court indicated that it had reviewed the presentence

investigation report and other files in the record. This was entirely appropriate. *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 Ohio App. LEXIS 1050, *5-6 (Mar. 13, 2002) (acknowledging that a trial court may consider a presentence investigation report when considering whether to impose consecutive sentences). Thus, Mr. Smith's argument lacks merit.

{¶13} In light of the foregoing, Mr. Smith's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

DEFENDANT WAS SUBJECTED TO UNCONSTITUTIONAL MULTIPLE PUNISHMENTS WHEN HE WAS SENTENCED BY THE COURT.

{¶14} In his fourth assignment of error, Mr. Smith asserts that the trial court erred by not merging his sentences. His argument in this regard is two sentences long and is devoid of any meaningful analysis. To the extent that an argument exists to support this assignment of error, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998), citing App.R. 12(A)(2) and App.R. 16(A)(7). Mr. Smith's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶15} In his fifth assignment of error, Mr. Smith asserts that he received ineffective assistance of counsel because his trial counsel did not raise a merger issue. Mr. Smith's argument is one paragraph long and fails to develop any meaningful argument. While he cites *Strickland v. Washington*, 466 U.S. 668 (1984), he does not address the applicable standard for ineffective assistance, nor does he apply the underlying facts to that standard. Again, it is not this Court's duty to construct arguments on an appellant's behalf. *Cardone* at *22. Mr. Smith's fifth assignment of error is overruled.

III.

{¶16} Keith Smith's assignments of error are overruled. The Judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

S. FOREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellant.

PAUL MANCINO, JR., Attorney at Law, for Appellee.