[Cite as *State v. Heller*, 2019-Ohio-4722.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

CHELSIE HELLER

    Appellant

C.A. No.    18CA011304

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR096357

DECISION AND JOURNAL ENTRY

Dated: November 18, 2019

TEODOSIO, Presiding Judge.

{¶1} Chelsie Heller appeals her convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Ms. Heller's son, A.L., has been involved with Lorain County Children's Services ("LCCS") since birth. At that time, LCCS removed the baby from Ms. Heller's custody and placed him with his paternal grandmother, Elvira. When the baby was around three months old, LCCS returned the baby to Ms. Heller's custody. Elvira, however, would still watch the baby from time to time.

{¶3} When the baby was about eight months old, Elvira noticed a scratch on his face and took pictures of it. Elvira provided those pictures to the LCCS caseworker, who then went to Ms. Heller's mother's house (where Ms. Heller lived), along with two police officers. Ms. Heller denied them access to the home, but brought the baby onto the porch so that the LCCS

caseworker could inspect him. The LCCS caseworker noticed additional marks on the baby's face that were not reflected in the pictures he received from Elvira. Ms. Heller told the LCCS caseworker that the baby had fallen off the bed. Ms. Heller then left for work, and LCCS obtained emergency temporary custody of the baby, who they then took to Elvira.

{¶4} After LCCS dropped the baby off at Elvira's son's house (where Elvira lived), Elvira gave the baby a bath. While doing so, one of her other grandsons noticed a bump on the back of the baby's head and pointed it out to her. Elvira inspected the bump and called LCCS, who advised her to take the baby to the hospital. She did, and the baby was eventually transferred to Rainbow Babies and Children's Hospital, where he was diagnosed with a skull fracture.

{¶5} A grand jury indicted Ms. Heller on one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of endangering children in violation of R.C. 2919.22(A). Ms. Heller pleaded not guilty, and the matter proceeded to a jury trial. At trial, the State presented testimony from the LCCS caseworker, Elvira, and Dr. McDavid, one of the treating physicians from Rainbow Babies and Children's Hospital. The defense presented testimony from Ms. Heller's mother. The jury found Ms. Heller guilty, and the trial court sentenced her to five years of imprisonment. She now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE COURT ABUSED ITS DISCRETION WHEN IT ALLOWED AN EXPERT WITNESS FOR THE STATE TO TESTIFY WITHOUT THE STATE PROVIDING AN EXPERT REPORT PURSUANT TO CRIMINAL RULE 16(K).

{¶6} In her first assignment of error, Ms. Heller argues that the trial court abused its discretion by allowing an expert witness to testify at trial when the State failed to provide

defense counsel with an expert report as required under Crim.R. 16(K). More specifically, she argues that the trial court erred by allowing Dr. McDavid to opine that the baby's injuries were inflicted and non-accidental. In response, the State argues that Dr. McDavid was not an expert witness and, therefore, was not required to issue a written report. The State also argues that – as one of the treating physicians – Dr. McDavid was permitted to give a lay opinion. For the reasons that follow, this Court agrees.

{¶7}  Crim.R. 16(K) precludes an expert witness from testifying at trial unless the expert prepares a written report that "summariz[es] the expert witness's testimony, findings, analysis, conclusions, or opinion," and  "include[s] a summary of the expert's qualifications." That report must be provided to the opposing side no later than 21 days prior to trial. Crim.R. 16(K). Evid.R. 701, on the other hand, allows lay witnesses to provide an opinion when that opinion is: "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Notably, "courts have used Evid.R. 701 to permit treating physicians to render opinions based upon their personal observations and perceptions." *Williams v. Reynolds Rd. Surgical Ctr., Ltd.*, 6th Dist. Lucas No. L-02-1144, 2004-Ohio-1645, ¶ 3; *see State v. McKee*, 91 Ohio St.3d 292, 296 (2001) ("It is consistent with this emerging view of Evid.R. 701 that courts have permitted lay witnesses to express their opinions in areas in which it would ordinarily be expected that an expert must be qualified under Evid.R. 702."); *State v. Brofford*, 3d Dist. Union No. 14-12-08, 2013-Ohio-3781, ¶ 35, citing *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, ¶ 33 (12th Dist.) ("It is well established that treating physicians can be called at trial to testify as viewers of their patients' physical condition and not as experts retained in anticipation of litigation."). This Court reviews a trial court's decision pertaining to the admission of evidence under Evid.R. 701 for an

abuse of discretion. *Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 113 (1989). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Here, Dr. McDavid testified that she observed injuries on the baby, including a scratch on his face, a bruise on his arm, and swelling on the back of his head, which was later diagnosed as a skull fracture. She testified that these injuries concerned her because an eight-month-old baby, who is not crawling yet, should not have any fractures, and because the baby had multiple injuries that were not consistent with a single fall. Over defense counsel's objection, Dr. McDavid opined that the injuries were inflicted (meaning that "[t]here was an impact"), and non-accidental. This conclusion was consistent with the medical records presented at trial, which indicated that the baby's injuries were "inflicted, non-accidental trauma."[1]

{¶9} Ms. Heller's argument on appeal ignores the case law regarding a treating physician's ability to give a lay opinion, and instead focuses on *State v. Walls*, 6th Dist. Erie Nos. E-16-027 and E-16-028, 2018-Ohio-329, which is readily distinguishable. In *Walls*, the treating physician testified as an expert, and testified to matters that "far exceeded the scope of his report." *Id.* at ¶ 23. The *Walls* court concluded that "it was incumbent on the [trial] court to preclude [the physician] from testifying to these undisclosed opinions[,]" and that this prejudiced the defense, warranting a new trial. *Id.* at ¶ 38, 54.

{¶10} Here, unlike in *Walls*, the State did not present Dr. McDavid as an expert witness, nor did Dr. McDavid provide testimony that was inconsistent with her conclusions reflected in the medical records, which defense counsel received prior to trial. Even if Dr. McDavid had

---

[1] The baby's medical records are not part of the record on appeal, but defense counsel quoted the medical records at trial.

testified as an expert, Ms. Heller "cannot claim [s]he was prejudiced by a lack of Crim.R. 16(K) report, as [s]he was not ambushed or thwarted in h[er] ability to cross-examine the physician—a situation Crim.R.16(K) is intended to prevent." *State v. Fetty*, 11th Dist. Portage No. 2011-P-0091, 2012-Ohio-6127, ¶ 46. Nonetheless, this Court concludes that Dr. McDavid testified as a lay witness and provided an opinion based upon her personal observations of the baby, which would have been helpful to the jury's understanding of the testimony or the determination of a fact in issue. *See* Evid.R. 701; *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290 and 103302, 2018-Ohio-498, ¶ 113-114, *motion for delayed appeal granted*, 153 Ohio St.3d 1428, 2018-Ohio-2418. Accordingly, we cannot say that the trial court abused its discretion by allowing Dr. McDavid to offer her opinion despite the fact that she did not issue an expert report. Ms. Heller's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE STATE TO INTRODUCE EVIDENCE RULE 404(B) EVIDENCE AGAINST DEFENDANT'S OBJECTION.

{¶11} In her second assignment of error, Ms. Heller argues that the trial court abused its discretion when it allowed the State to introduce Evid.R. 404(B) evidence over defense counsel's objection. This Court disagrees.

{¶12} Evid.R. 404(B) provides, in part, that:

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When examining Evid.R. 404(B), the Ohio Supreme Court has explained that:

[t]he first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to

consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

*State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20. This Court reviews a trial court's decision regarding the admissibility of other-acts evidence for an abuse of discretion. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, syllabus.

{¶13} Ms. Heller argues that the trial court erred by admitting the following "other acts" testimony at trial: (1) Ms. Heller's other four children were involved with LCCS; (2) LCCS removed the baby from Ms. Heller's custody at birth because he tested positive for marijuana; (3) the LCCS caseworker brought two police officers with him to Ms. Heller's mother's house because Ms. Heller had threatened him in the past; (4) Ms. Heller used profane language with the caseworker in the past; (5) Ms. Heller did not get along with her previous social worker; (6) Ms. Heller used profane and threatening language after LCCS cancelled a visitation because the baby had a neurology appointment; (7) Ms. Heller agreed to Elvira receiving temporary custody of the baby; and (8) LCCS was involved with Ms. Heller's children due to substance abuse, housing issues, and mental-health concerns.

{¶14} Defense counsel did not properly object to the testimony regarding the first five of the foregoing at trial. While Ms. Heller has cited the transcript in support of her position, those transcript pages indicate that her trial counsel did not object, objected for reasons other than Evid.R. 404(B), or that the objection related to other testimony. For example, Ms. Heller argues that she objected to the State presenting testimony regarding the fact that her other four children were involved with LCCS. Defense counsel, however, did not object when the State asked the caseworker how many of Ms. Heller's children were involved with LCCS. Instead, defense

counsel objected on the basis of "time * * * relevance" when the State asked the caseworker "What was [LCCS'] involvement with [the baby]?" Because Ms. Heller's trial counsel failed to properly object to the testimony relating to the first five issues above, she has forfeited all but plain error on appeal. *State v. Hartman*, 93 Ohio St.3d 274, 281 (2001) (acknowledging that the "defendant's failure to object to [testimony] at trial waived all but plain error."). Ms. Heller, however, has not argued plain error on appeal, and this Court will not construct an argument on her behalf. *State v. Smith*, 9th Dist. Medina No. 17CA0035-M, 2017-Ohio-8680, ¶ 7.

{¶15} Regarding the latter three issues (i.e., Ms. Heller's use of profane and threatening language after LCCS cancelled a visitation because the baby had a neurology appointment; the fact that Ms. Heller agreed to Elvira receiving temporary custody of the baby; and the fact that LCCS was involved with Ms. Heller's children due to substance abuse, housing issues, and mental-health concerns), Ms. Heller's trial counsel raised general objections at trial, but did not specifically object on the basis of Evid.R. 404(B). It is unclear whether her trial counsel's objections pertained to Evid.R. 404(B), or some other basis. *See State v. Kuhar*, 9th Dist. Medina No. 15A0053-M, 2016-Ohio-5280, ¶ 14; Evid.R. 103(A)(1) (stating that "[e]rror may not be predicated upon a ruling which admits * * * evidence unless a substantial right of the party is affected; and * * * a timely objection * * * appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]"). Accordingly, she has forfeited all but plain error on appeal. *See Kuhar* at ¶ 15; *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 29; *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 129. Ms. Heller, however, has not argued plain error on appeal, and this Court will not construct an argument on her behalf. *Jackson* at ¶ 29. In light of the foregoing, Ms. Heller's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE CUMULATIVE EFFECT OF THE IMPROPERLY ADMITTED 404(B) EVIDENCE, AND EXPERT TESTIMONY CUMULATIVELY ROSE TO THE LEVEL THAT THIS CASE WARRANTS REVERSAL.

{¶16} In her third assignment of error, Ms. Heller argues that the cumulative effect of the improperly admitted other-acts evidence and Dr. McDavid's expert testimony warrants a new trial. Based upon this Court's resolution of Ms. Heller's first and second assignments of error, Ms. Heller's third assignment of error is overruled.

III.

{¶17} Ms. Heller's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.