[Cite as *State v. Dorsey*, 2025-Ohio-2977.]

STATE OF OHIO    )          IN THE COURT OF APPEALS
                 )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO                         C.A. No.    31149

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
TYMICA DORSEY                        COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
    Appellant                     CASE No.    CR 2023-02-0437

DECISION AND JOURNAL ENTRY

Dated: August 20, 2025

HENSAL, Judge.

{¶1}    Tymica Dorsey appeals her convictions by the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    When C.S. changed jobs in May 2022, she was required to transfer money from her 401(K) with her previous employer to her new employer using a physical check.  She received a check in the amount of $13,048.86 with the administrator of the new 401(K) preprinted as the payee.  Following the instructions provided to her, C.S. mailed the unendorsed check to the payee at a mailbox in Akron.  She later received a letter that indicated the payee had not received the check.  When C.S. followed up with the company that issued the check, she learned that the front of the check had been modified to include Ms. Dorsey's name and address beneath the payee's name and had been endorsed for deposit to a Chase Bank account on June 8, 2022.

{¶3}    In May 2022, J.G. mailed a number of checks as part of her responsibility to manage accounts payable for her employer, Akron Auto Auctions.  Shortly thereafter, a few of the checks were flagged as fraudulent transactions by the bank that she used.  One such check, in the amount of  $30,223.46, was originally payable to a software vender called Auction Edge.  When she obtained a copy of the cashed check, she noted that the payee had been modified and Ms. Dorsey's name was now typed on the face of the check.  The check was endorsed for deposit into a Chase Bank account on May 27, 2022.

{¶4}    C.S. contacted law enforcement in October 2022, and in the course of reviewing Ms. Dorsey's bank records, a detective also noticed the deposit from Akron Auto Auction.  Ms. Dorsey was charged with grand theft, forgery, and receiving stolen property in connection with each incident.  Following a bench trial, the trial court found Ms. Dorsey guilty of each charge and sentenced her to concurrent twenty-four-month periods of community control for each count.  The trial court also ordered her to pay restitution to C.S. in the amount of $1,143.73.  Ms. Dorsey appealed, raising three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST [MS.] DORSEY

{¶5}    Ms. Dorsey's first assignment of error is that her convictions are not supported by sufficient evidence.  This Court does not agree.

{¶6}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo."  *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  The relevant inquiry is whether the prosecution has

met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proved beyond a reasonable doubt. *Id*.

{¶7} Revised Code Section 2913.02(A)(3), which prohibits theft, provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [b]y deception." When the amount in question is more than $7,500 but less than $150,000, a violation of Section 2913.02(A) is grand theft, a fourth-degree felony. R.C. 2913.02(B)(2). Forgery is prohibited by Section 2913.31, which provides that "[n]o person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall . . . [u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." R.C. 2913.31(A)(3). Section 2913.51(A) prohibits any person from receiving, retaining, or disposing of the property of another "knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶8} Ms. Dorsey argues that the evidence supporting her conviction was insufficient because her own evidence demonstrated that she had an alibi. The presence of a purported alibi, however, goes to the weight of the evidence rather than its sufficiency. *See State v. Wilkerson*, 2025-Ohio-1279, ¶ 7 (2d Dist.). *See also State v. Brown*, 2011-Ohio-1040, ¶ 4 (9th Dist.). Ms. Dorsey also maintains that the State did not produce sufficient evidence that she committed grand theft, forgery, or receiving stolen property because the State did not produce *direct* evidence in the

form of video from the banks where the checks were deposited or testimony from a witness describing how she obtained, altered, and deposited the checks. It is well-established, however, that as with any element of an offense, identity may be proved by direct or circumstantial evidence, which do not differ with respect to probative value. *See State v. Flynn*, 2007-Ohio-6210, ¶ 12 (9th Dist.). *See also State v. Treesh*, 90 Ohio St.3d 460, 485 (2001), citing *Jenks*, 61 Ohio St.3d 259, at paragraph one of the syllabus.

{¶9} The State demonstrated that the checks mailed by C.S. and J.G. were altered so that Ms. Dorsey's name was listed as the payee. The checks were deposited inside two different branches of Ms. Dorsey's bank to her existing account, and no attempt was made to immediately withdraw the funds. Viewing this evidence in the light most favorable to the State, the trial court could reasonably conclude that Ms. Dorsey was guilty of grand theft, forgery, and receiving stolen property. Ms. Dorsey's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

DORSEY'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).

{¶10} Ms. Dorsey's second assignment of error argues that her convictions are against the manifest weight of the evidence. This Court does not agree.

{¶11} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986).  A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).  As explained above, identity may be proved by direct or circumstantial evidence.  *See Flynn*, at ¶ 12; *Treesh* at 485.

{¶12}  C.S. testified that when she received copies of the missing check, it had been modified so that it was payable to Ms. Dorsey.  Similarly, J.G. testified that both the front and back of the missing check issued by Akron Auto Auctions had been modified: the front was payable to Ms. Dorsey, and the back was missing the company's logo.  Neither woman knew Ms. Dorsey, and they had no familiarity with her name before they learned that the checks had been modified.  Both checks were admitted into evidence.  On each, Ms. Dorsey's name had been inserted as the payee on the front of the check, and her Chase Bank account number appeared on the back beneath an illegible signature.

{¶13}  Detective Russell Bassett, who investigated the incidents, explained that it is common for images of stolen checks to be shared or sold.  He explained that the images look legitimate, and people are able to cash them on that basis.  In this case, he explained that the check from Akron Auto Auctions was deposited into Ms. Dorsey's bank account in person inside a Chase Bank branch in Mayfield Heights on May 27, 2022.  The check mailed by C.S. was deposited into the same bank account in person inside a Chase Bank branch in Euclid on June 8, 2022.  Detective Russell testified that after the check from Akron Auto Auctions was deposited into Ms. Dorsey's account, a series of purchases followed.  After the transaction was marked as fraudulent and the funds were recovered, Ms. Dorsey's account ran a negative balance until the check mailed by C.S. was deposited on June 8, 2022.  Detective Russell explained that because the checks were deposited without a withdrawal, it is probable that no identification was required from the

depositor. He also testified that he became aware of the incident after the bank's window for retaining surveillance video had closed, so there was no video of the transactions available.

{¶14} Ms. Dorsey testified that she had no knowledge of the checks until she called her bank to inquire about a deposit that she could not access. At that point, she learned that her account was locked because of fraudulent activity. Ms. Dorsey testified that she did not modify the checks and did not ask anyone to do it for her. According to her testimony, she was driving for Uber on June 8, 2022, and she presented a series of screen shots from a cellular phone in an attempt to demonstrate that she could not have deposited a check in Euclid on that date. Although those screen shots do appear to document a series of Uber rides, they do not contain any identifying information that could connect them to Ms. Dorsey. She testified that she was not driving for Uber on May 27, 2022, and she did not remember what she did that day. Ms. Dorsey acknowledged that her testimony suggested that an unknown person modified the checks and deposited them in her account without her knowledge, but she could not offer any further explanation. She also acknowledged that her account was overdrawn between the dates when the two checks were deposited.

{¶15} In reaching its verdict, the trial court chose not to credit Ms. Dorsey's testimony that she had no knowledge of the deposits into her account. This Court must "'consider[] the credibility of witnesses'" as part of our manifest weight review. *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 2019-Ohio-62, ¶ 39 (9th Dist.), quoting *State v. Johnson*, 2010-Ohio-3296, ¶ 15 (9th Dist.). Given the evidence in this case, this Court cannot conclude that Ms. Dorsey's convictions are against the manifest weight of the evidence, and her second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶16}  In her third assignment of error, Ms. Dorsey has argued that she received ineffective assistance from her attorney.  Specifically, she maintains that she "had limited contact with trial counsel, [w]as not i[n]formed, and was not kept abreast of the legal issues by counsel."

{¶17}  In order to demonstrate ineffective assistance of counsel, a defendant most show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]"  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different.  *Id*. at 694.  "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other."  *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697.

{¶18}  Ms. Dorsey has not developed any argument explaining why, in the absence of the alleged deficiencies of trial counsel, the result of the proceeding would have been different.  This Court declines to construct such an argument on her behalf.  *See State v. Smith*, 2017-Ohio-8680, ¶ 15 (9th Dist.), citing *Cardone v. Cardone*, 1998 WL 224934, *8-9 (9th Dist. May 6, 1998).  Ms. Dorsey's third assignment of error is, therefore, overruled.

### III.

{¶19}  Ms. Dorsey's three assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.