[Cite as *State v. Moore*, 2025-Ohio-4502.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No.     25AP0001 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER G. MOORE | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     2024 CRC-I 000111 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2025

HENSAL, Judge.

**{¶1}** Christopher Moore appeals his conviction by the Wayne County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Moore pleaded guilty to aggravated possession of drugs and possessing drug abuse instruments. During sentencing, Mr. Moore told the trial court that he initially wanted to serve a prison sentence to "put it all behind" him but had changed his mind because circumstances in his family required his attention. The trial court considered the presentence investigation and inquired about Mr. Moore's pattern of drug use then sentenced him to twenty-four months of community control. The conditions of his community control included completion of an intensive supervision program; substance abuse treatment, counseling, and aftercare; random weekly drug tests; ninety days in the Wayne County Jail with credit for eleven days served; sixty hours of

community service; and participation in a cognitive behavioral therapy group. Mr. Moore appealed, assigning three errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED AN ERROR WHEN SENTENCING MOORE.

{¶3} In his first assignment of error, Mr. Moore argues that "the record does not support . . . the extensiveness of the community control ordered in this case." His argument appears to be that the community control conditions imposed by the trial court were not appropriate and that the trial court should have imposed community control without those conditions.

{¶4} Conditions of community control generally fall into two categories. Some are "inherent in being supervised while being allowed to remain in the community[,]" such as "restrictions on travel, limitations on association, restrictions on firearms ownership, being subject to warrantless searches, and the like." *State v. Chapman*, 2020-Ohio-6730, ¶ 18. Other conditions "are not necessarily intrinsic to community control but are tailored to the rehabilitation of the offender." *Id*. Conditions of community control "must be reasonably related to the statutory ends of probation and must not be overbroad." *State v. Talty*, 2004-Ohio-4888, ¶ 16. "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *Chapman* at ¶ 8.

{¶5} Mr. Moore has not developed any argument explaining how the community-control conditions imposed by the trial court were not reasonably related to the goals of doing justice, rehabilitating the offender, and insuring good behavior. *See id*. This Court declines to construct

such an argument on his behalf. *See Cardone v. Cardone*, 1998 WL 224934, \*8-9 (9th Dist. May 6, 1998). His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

MOORE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.

{¶6}   Mr. Moore's second assignment of error is that he received ineffective assistance from trial counsel. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694.

{¶7}   Mr. Moore has not developed an argument that identifies the alleged ineffectiveness of trial counsel or explains how the outcome of the proceedings would have been different apart from counsel's errors. This Court declines to construct such an argument on his behalf. *See State v. Smith*, 2017-Ohio-8680, ¶ 15 (9th Dist.), citing *Cardone* at \*8-9. Mr. Moore's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT FAILED RULE 11'S CONSTITUTIONAL REQUIREMENT WHEN TAKING MOORE PLEA.

{¶8}   Mr. Moore's third assignment of error argues that his plea was not knowing, voluntary, and intelligent because the trial court failed to inform him of the constitutional rights

that he would be waiving under Criminal Rule 11(C)(2)(c). A guilty plea waives certain constitutional rights, so the decision to plead guilty must be knowing, voluntary, and intelligent. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. The Supreme Court of Ohio "ha[s] identified these constitutional rights as those set forth in Crim.R. 11(C)(2)(c): the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Id.*

{¶9} Mr. Moore has not developed an argument that articulates how the trial court failed in its obligations under Rule 11(C)(2)(c). Again, this Court declines to develop that argument on his behalf. *See Cardone* at *8-9. To the extent that Mr. Moore maintains that the trial court had an obligation to inform him about the terms of community control that it could impose, he has also provided no argument in that regard. *See id.* Mr. Moore's third assignment of error is overruled.

III.

{¶10} Mr. Moore's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.